[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13613

Non-Argument Calendar

_____

MARK D. WEISSMAN, et al.,

Plaintiffs,

DONALD ROSS ANDERSEN,

Plaintiff-Appellant,

*versus*

MICHAEL CHEOKAS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:17-cv-00220-WLS

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Donald Andersen served as counsel for Plaintiffs Mark Weissman and Weatherly Aviation Company, Inc. (collectively, Plaintiffs) in a suit against Defendant-Appellee Michael Cheokas seeking injunctive relief and damages for alleged fraud. During the litigation, Cheokas filed three motions related to Andersen's actions and inactions during discovery: (1) a motion for sanctions; (2) a motion for a protective order as to Plaintiffs' request to depose a non-testifying expert for Cheokas; and (3) a motion to strike expert reports for Plaintiffs. With each motion, the district court found for Cheokas. Andersen now appeals, asserting that the district court abused its discretion in doing so.

Because Anderson only challenges the discovery rulings, our review is limited to those matters and proceedings and not the underlying resolution of the case.[1] After reviewing the briefs and

---

[1] Specifically, the issues on appeal concern Rule 37 of the Federal Rules of Civil Procedure, which "gives a trial court discretion to decide how best to respond to a litigant's failure to make a required disclosure under Rule 26." *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019). Under Rule 37,

record, we affirm the district court's rulings.  We begin by summarizing the relevant facts before addressing each motion on appeal in turn.

## I.      Background

On October 9, 2019, the district court issued a scheduling and discovery order for the parties.  Discovery was initially scheduled to end on May 6, 2020, but was extended to September 28, 2020, following three separate extensions.  During discovery, Andersen submitted numerous expert reports by James Persinger, a forensic expert.  Cheokas, believing that Andersen had altered Persinger's report prior to submission, filed a motion for sanctions on September 4, 2020.  The district court then suspended all pending deadlines until Cheokas's motion for sanctions could be addressed.

The court held a hearing on the motion on July 7, 2021.  During the hearing, Andersen conceded that Persinger's report had been modified and adapted from its original format.  These modifications included converting the document from a PDF to Word, changing headings and other formatting, and omitting a page that was relevant to the dispute.  Persinger also testified during the hearing, stating that while the overall substance of the report was the same, the formatting had been altered and attachments did appear to be missing.  Cheokas responded to this testimony by introducing an expert witness Neil Broom, a computer forensic expert.  While

---

district courts may sanction parties that fail to make disclosures or cooperate in discovery.

the district court did allow Broom to testify, the court limited his testimony to the harm, difficulty, and expense experienced due to the omissions or alterations in Persinger's report.

On September 30, 2021, the district court granted Cheokas's motion for sanctions. Given the hearing, and a review of the evidence and record, the district court concluded that Andersen had altered the report without the expert's knowledge or approval in violation of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, which requires expert witnesses to provide "a written report—prepared and signed by the witness." Because the district court found that Andersen's actions had caused "additional and unnecessary time and effort from Defendant and Counsel," the court ordered Plaintiffs to pay costs and attorney fees attributed to this effort, including costs associated with conducting an additional deposition of Persinger. On October 21, 2021, Cheokas submitted a fee application for $55,876.51. The district court granted the application in the amount of $27,338.95.

Persinger's deposition was subsequently rescheduled for November 23, 2021. During this second deposition, Persinger stated that the following reports would serve as his expert reports: (1) a report first disclosed on August 8, 2014; (2) a report dated August 9, 2014, referred to as Persinger's Rule 26 report; and (3) a supplemental report dated August 28, 2020, referred to as the first supplemental report. However, as Persinger was being deposed, Cheokas presented Persinger with a declaration from April 2017—a declaration Cheokas had found during his own research and

docket review.  Persinger then confirmed that this April 2017 declaration was and continues to be part of his expert testimony in this case.  Six days after Persinger's deposition, Andersen disclosed yet another supplemental report, now referred to as the second supplemental report.

Prior to Persinger's deposition, Andersen expressed a desire to depose Broom.  However, because Broom's testimony was dependent on the content of Persinger's second deposition, Cheokas did not want to formally designate Broom as a non-testifying or testifying expert until Persinger had been deposed anew.  Following Persinger's deposition, Cheokas confirmed his intent to re-designate Broom as a non-testifying expert.  Cheokas also notified Plaintiffs that he intended to object to any attempts to depose Broom and stated that he would seek attorney fees and costs pursuant to Rule 26(b)(4)(A), (D).

On November 29, 2021, Cheokas filed a motion for a protective order to prevent Plaintiffs from seeking discovery from Broom.  Cheokas claimed that, as a non-testifying expert, Broom's testimony and work product were protected and privileged.  In this motion, Cheokas stated that Andersen was on notice that any intent to seek discovery would be in violation of Rule 26.  Cheokas further argued that Plaintiffs should be responsible for covering the fees and expenses attached to filing the motion pursuant to Rule 37(a)(5).

On December 6, 2021, Cheokas filed a motion to strike expert reports of Persinger and for sanctions, arguing that attempts

6                    Opinion of the Court              23-13613

by Andersen to disclose and use the supplemental reports prepared by Persinger were untimely in violation of Rule 26(a) and (e).

In reviewing each of Cheokas's motions, the district court considered the merits of each without considering Andersen's response filings because the responses were not filed within the district court's previously set seven-day discovery deadline.

## II.    Motion for Sanctions

Sanctions orders are reviewed for an abuse of discretion. *See Amlong v. Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1237 (11th Cir. 2007). We will find an abuse of discretion where the district court "applie[d] an incorrect legal standard, follow[ed] improper procedures in making the determination, ma[de] findings of fact that are clearly erroneous, or commit[ed] a clear error of judgment." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1360 (11th Cir. 2021) (quotation omitted). Here, the order for sanctions may be overturned if we find that Andersen provided sufficient evidence demonstrating that his failure to comply with the district court's "discovery orders was due to misunderstanding or inability to comply." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1539 (11th Cir. 1993).

Cheokas's motion for sanctions was based on the alterations and modifications Andersen made to Persinger's report. The district court clearly stated that the evidence and record did not support finding that these changes were made with Persinger's knowledge or approval—in direct contradiction to Rule 26(a). The district court further found that Andersen did not provide sufficient

justification to support the contention that the alterations made to Persinger's report were insignificant nor unsubstantial. This lack of justification satisfied an award of sanctions under Rule 37.

In light of the thorough reasoning provided in its order, we cannot find that the district court abused its discretion in sanctioning Andersen pursuant to Rule 37(b)(2)(A).

### III.    Motion for a Protective Order

Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In filing the motion for a protective order, Cheokas sought to prevent Broom from being deposed. According to Cheokas, because Broom was designated as a non-testifying witness, Andersen was not allowed to depose him pursuant to Rule 26(b)(4)(D). This rule ordinarily prevents non-testifying witnesses from being subjected to interrogatories or depositions, absent some "exceptional" circumstance. *See* Fed. R. Civ. P. 26(b)(4)(D)(ii).

The district court found that Andersen had not pointed to any exceptional circumstances justifying the need to depose Broom, who had been identified as a non-testifying expert to review and rebut Persinger's testimony. While Andersen tried to argue that because Broom testified at the sanctions hearing he should be required to testify generally, the district court found this unavailing as sanctions hearings exist apart from discovery. Given these findings, the district court subsequently granted Cheokas's

petition for attorney fees resulting from preparing the motion for a protective order.

After reviewing the district court's order and briefs, we find the district court's reasoning sound and affirm as to this issue as well.

## IV.    Motion to Strike

Motions to strike are also reviewed for an abuse of discretion, which includes ensuring that the district court's decision was based on factual findings and the "nondisclosure at issue was harmless." *Taylor*, 940 F.3d at 593 (quotation omitted).  In reviewing questions related to timeliness, we afford "wide latitude" to district courts in managing its docket and excluding untimely submissions. *Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1349 (11th Cir. 2004).

In reviewing Persinger's disclosures, the district court found that they were not "true" supplementations.  The district court instead determined that the timing of the disclosures reflected strategic decisions on the part of Andersen, seeing that both the April 2017 declaration and second supplemental report could have been disclosed prior to Persinger's second deposition.  Because these disclosures could have, and should have, been disclosed earlier, the district court found them untimely—and we agree.  The district court thoroughly reviewed the record and determined that these disclosures were more likely to prejudice Cheokas than strengthen Plaintiffs' case.  Based on this finding, the court granted Cheokas's

corresponding petition for attorney fees, which was filed following the grant of the motion to strike.

Upon review, we cannot say that the district court abused its discretion in granting Cheokas's motion to strike these disclosures, nor in awarding reasonable attorney fees for the time spent researching and drafting the motion to strike.

## V.    Conclusion

For these reasons, we affirm the district court's well-reasoned orders.

**AFFIRMED.**